# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00601-CV

---

**D.N., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE 421ST DISTRICT COURT OF CALDWELL COUNTY**
**NO. 21-FL-132, THE HONORABLE THOMAS NATHANIEL STUCKEY, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Mother appeals the trial court's final order terminating her parental rights to her children.[1] *See* Tex. Fam. Code § 161.001. After a bench trial, the trial court found by clear and convincing evidence that statutory grounds for terminating her parental rights existed and that termination of those rights was in the children's best interest. Mother's rights were terminated to D.L and M.L., III, based on (D) (Endangering Conduct Provision), (E) (Endangering Conditions Provision), and (O) (Ordered Services Provision) statutory grounds and her rights to F.L. were terminated based on (K) (Voluntary Relinquishment Provision) grounds. *See id.* § 161.001(b)(1)(D), (E), (K), (O) and (b)(2).

---

[1] For the children's privacy, we will refer to them by aliases D.L., F.L., and M.L., III, and to their family members by their relationships to them. *See* Tex. R. App. P. 9.8. The parental rights of the children's father also were terminated in the order of termination, but he has not appealed.

Appellant's court-appointed attorney has filed a motion to withdraw[2] supported by an *Anders* brief, concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from terminations of parental rights). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regul. Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied). Appellant's counsel has certified to this Court that he has provided Mother with a copy of the *Anders* brief and motion to withdraw and advised her of her rights to examine the appellate record and to file a pro se brief. To date, Mother has not filed a pro se brief. The Department of Family and Protective Services has not filed a response to the *Anders* brief.

Upon receiving an *Anders* brief, we must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Taylor*, 160 S.W.3d at 647. We have conducted an independent review of the entire record, including the *Anders* brief submitted on Mother's behalf. We have found nothing in the record that might arguably support an appeal, and we agree the appeal is frivolous and without merit. We have specifically reviewed the trial court's findings as to Mother under subsections (D) and (E) of Family Code section 161.001(b)(1), and we have found no nonfrivolous issues that

---

[2] Counsel has also styled his motion as a "motion to substitute counsel," but he has not provided any alternate counsel to be substituted with, and the basis for substitution is just a reformulation of his basis for withdrawal: that counsel believes his client has no nonfrivolous grounds to seek further review. *See In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (per curiam) (explaining that "counsel's belief that the client has no grounds to seek further review," without more, cannot be the basis for withdrawal).

could be raised on appeal with respect to those findings. *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (per curiam). Accordingly, we affirm the trial court's order terminating Mother's parental rights.

However, the Supreme Court of Texas has held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in the Supreme Court of Texas, including the filing of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). Accordingly, counsel's obligation to Mother has not yet been discharged. *See id.* If after consulting with counsel Mother desires to file a petition for review, her counsel should timely file with the Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 27–28. Counsel's motion to withdraw therefore is denied.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Affirmed

Filed: January 26, 2023